UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELARREN MASON,<br><br>  Plaintiff,<br><br>  v.<br><br>SUPERINTENDENT DONALD SCHAEFER, ST. CLAIR COUNTY, OFFICER MIKE KLEB, OFFICER CRAIG BROWN, OFFICER PATRICK YOUNG, OFFICER DALE LUETKEMYER, OFFICER BRANDON MILLER, OFFICER ARIEL MOSLEY, OFFICER TYRONE SILLAS, OFFICER ZAC LUETKEMYER, OFFICER LUCAS GEHRS, OFFICER JOE VALLINA, OFFICER BRIANNE FUNK, OFFICER TERRENCE BENNETT, OFFICER JOE THOMPSON, NURSE PELLMANN, NURSE KOCHMANN, CHERYL PROST and JOHN DOES 1-6,<br><br>  Defendants. | Case No. 16-cv-1356-JPG-RJD |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Cheryl Prost's motion to dismiss Counts VI and VII pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 69). Plaintiff DeLarren Mason has responded to the motion (Doc. 76).

**I.  Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is

2

entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

II.     **Facts Alleged**

Accepting as true all factual allegations in the Complaint and drawing all reasonable inferences therefrom in Mason's favor, the pleading establishes the following relevant facts for the purposes of this motion:

In March 2015, Mason was 17 years old and suffered from bipolar disorder and attention deficit hyperactivity disorder ("ADHD"). On or around March 17, 2015, Mason was arrested and charged with armed robbery, although the charges were eventually dismissed. Before the charges were dismissed, however, Mason was housed at the St. Clair County Juvenile Detention Center ("Detention Center") for eight months. While at the jail, Mason was subjected to harassment and punishment and was placed in solitary confinement for six months, which Detention Center personnel justified by pointing to Mason's bad behavior.

Mason was also not treated for his mental health problems. Upon entry to the Detention Center, nursing staff evaluated Mason and discovered that he had received counseling in 2014 for his bipolar disorder and ADHD. Specifically with respect to Prost, the Detention Center's clinical psychologist, Mason alleges she called his mother, LaShunda Green, shortly after he arrived at the Detention Center to inform her of Mason's worsening anger control problems and defiance in the Detention Center. Prost told Green that Mason had not had his bipolar disorder and ADHD medication for eight months, and Green told Prost she would try to arrange a psychiatric appointment for Mason. At the time, Prost was familiar with Mason's mental health problems because she had evaluated him in 2013 and had recommended psychiatric treatment for his bipolar disorder.

Prost conducted two mental health status evaluations of Mason in April 2015 and provisionally diagnosed him with bipolar disorder and ADHD. She noted he had received counseling in early 2014

and had not taken his medications in eight months. She further noted that Green was going to schedule a psychiatric appointment for Mason, but she herself did not recommend any treatment. She also attributed Mason's recent involvement in a fight in the Detention Center to his rage control problems and lack of medication.

At no point did Prost or the nursing staff at the Detention Center provide Mason with any mental health medication or other treatment or refer him to a psychiatrist. Instead, they relied solely on Green to obtain treatment for Mason while he was detained in the Detention Center.

Mason filed this lawsuit in December 2016 against a number of defendants associated with the Detention Center. He specifically names Prost in Count III, a claim under 42 U.S.C. § 1983 for inadequate medical and mental health care in violation of the Due Process Clause of the Fourteenth Amendment; Count VI, a state law claim for intentional infliction of emotional distress ("IIED"); and Count VII, a state law claim for civil conspiracy.

Prost now asks the Court to dismiss Counts VI and VII on the grounds that Mason has failed to plead facts plausibly suggesting a right to relief. Mason contends his Complaint is satisfactory.

### III.     Analysis

#### A.     Count VI:   State Law IIED

In Count VI, Mason claims the acts of all of the defendants, including Prost, were extreme and outrageous, were rooted in an abuse of power and authority, and were undertaken intentionally or recklessly to cause Mason severe emotional distress. A claim for intentional infliction of emotional distress has three elements: (1) the conduct involved was "truly extreme and outrageous," (2) the defendant either intended to inflict, or knew there was a high probability she would cause, severe emotional distress, and (3) the defendant actually caused severe emotional distress. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 80 (Ill. 2003) (citing *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988)). To

4

support an intentional infliction of emotional distress claim, the conduct must be "so severe that no reasonable man could be expected to endure it." *Feltmeier*, 798 N.E.2d at 84 (citing Restatement (2d) of Torts § 46, comment j, at 77-78 (1965)).

Prost argues in a cursory fashion that Mason has pled only vague legal conclusions. She further argues he has failed even to allege Prost's actions (or inaction, as the case may be) caused him emotional distress. Instead, Prost argues, Mason attributes his emotional distress to inhumane conditions in the Detention Center caused by other defendants in the case, including conditions to which he was subjected as discipline for his misbehavior. Prost does not bring any other well-supported challenge to Mason's pleading of any other aspect of an IIED claim.

Mason argues that he has adequately pled causation by stating that Prost knew shortly after his arrival at the Detention Center that his lack of medication was leading to disciplinary problems in the jail and by further expressly stating that the discipline imposed for those problems, in turn, caused emotional distress.

The Court believes Mason has adequately pled the causation element necessary to support an IIED claim. He has tied (1) Prost's lack of treatment of his mental health and (2) the misbehavior she knew was occurring because of that lack of treatment to (3) the objectionable conditions he suffered as disciplinary measures (4) which caused him severe emotional distress. This is sufficient to plausibly suggest Prost's lack of action caused Mason severe emotional distress. In the absence of a well-supported challenge to any other aspect of Mason's IIED claim, the Court declines to dismiss Count VI for failure to state a claim.

B.  Count VII:  State Law Civil Conspiracy

In Count VII, Mason alleges in a conclusory fashion that the defendants, including Prost, conspired to accomplish an unlawful purpose by an unlawful means, including intentionally inflicting

5

him with emotional distress. A state law claim for conspiracy has three elements: "(1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act." *Fritz v. Johnston*, 807 N.E.2d 461, 470 (Ill. 2004) (citing *Adcock v. Brakegate, Ltd.,* 645 N.E.2d 888, 894 (Ill. 1994)). "[T]he agreement is a necessary and important element of a cause of action for civil conspiracy," although it is not in and of itself a tort. *Adcock*, 645 N.E.2d at 894.

Prost argues Mason has not adequately pled a conspiracy claim against her because he has not adequately alleged an underlying IIED cause of action to satisfy the third element. She also contests the adequacy of Mason's pleading of an agreement with the other defendants to intentionally cause Mason emotional distress.

Mason contends his allegations are sufficient because he has pled a "joint plan" to inflict emotional distress on him by failing to treat his mental health problems. He claims his pleading of Prost's and the nursing staff's "joint awareness" of the lack of treatment and their participation in a plan to punish him rather than treat him supports an inference of conspiracy.

The Court finds Mason's bare allegations of conspiracy are insufficient. He pleads no actual facts plausibly suggesting Prost reached an understanding with anyone else to cause Mason emotional distress by any means. Instead, he pleads in a conclusory fashion that she and others "act[ed] in concert," "conspired by concerted action," and "were willful participants in joint activity." These are the type of bare allegations that do not plausibly suggest any conspiratorial agreement or joint activity that would entitle Mason to relief on a conspiracy theory. A reasonable inference of conspiracy cannot be drawn from the facts pled.

For this reason, the Court will dismiss Count VII against Prost without prejudice and with leave

6

to replead.

## IV. Service of John Doe Defendants

The Court notes that Mason has failed to move to amend the Complaint to identify the six John Doe defendants by the September 18, 2017, deadline for amending pleadings (Doc. 63-1). Unsurprisingly, there is no evidence in the record that service of process has been effected upon those unknown defendants within 90 days after the filing of the complaint, as required by Federal Rule of Civil Procedure 4(m). Accordingly, the Court will order Mason to show cause why his claims against the six John Doe defendants should not be dismissed without prejudice for failure to timely effect service.

## V. Conclusion

For the foregoing reasons, the Court:

- **GRANTS in part and DENIES in part** Prost's motion to dismiss (Doc. 69);

- **DISMISSES without prejudice** Count VII against Prost;

- **ORDERS** that Mason shall have up to and including January 26, 2018, to file an Amended Complaint to replead Count VII against Prost;

- **ORDERS** Mason to **SHOW CAUSE** on or before January 26, 2018, why his claims against the six John Doe defendants should not be dismissed without prejudice for failure to timely effect service. Failure to respond in a timely manner to this order will result in dismissal of those claims; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:   January 3, 2018**

>                    s/ J. Phil Gilbert
>                    **J. PHIL GILBERT**
>                    **DISTRICT JUDGE**